Filed 7/31/26  P. v. Bochicchio CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>BILL BOCHICCHIO,<br><br>　　　Defendant and Appellant. | B343250<br><br>(Los Angeles County<br>Super. Ct. No. YA096142) |

APPEAL from an order of the Superior Court of Los Angeles County, Laura C. Ellison, Judge.  Reversed with directions.

Aurora Elizabeth Bewicke, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Marc A. Kohm, Deputy Attorneys General, for Plaintiff and Respondent.

Bill Bochicchio pleaded no contest to first degree burglary and admitted he had a one-year prior within the meaning of Penal Code[1] section 667.5, subdivision (b), a five-year prior within the meaning of section 667, subdivision (a), and a prior strike within the meaning of the "Three Strikes" law. A court sentenced him to the upper term for the burglary doubled based on the strike, and imposed one- and five-year terms. Thereafter, at a resentencing hearing under section 1172.75, the trial court struck the one-year prior but otherwise declined to reduce Bochicchio's sentence. Bochicchio appeals, contending that the trial court did not apply the correct standard of law and therefore abused its discretion. We agree and reverse the order.

## BACKGROUND

I.    Bochicchio's plea and original sentence

In 2017, an information charged Bochicchio with two counts of first degree burglary. (§ 459.) The information further alleged that Bochicchio had two prior convictions for serious felonies that also constituted strikes (§§ 667, subd. (a)(1), 667, subds. (b)–(j), 1170.12) and three prior prison terms (§ 667.5, subd. (b)).

In 2018, Bochicchio entered a negotiated plea under which he pleaded no contest to one count of burglary and admitted a one-year prior conviction under section 667.5, subdivision (b), a five-year prior conviction under section 667, subdivision (a)(1), and one prior strike within the meaning of the Three Strikes

---

[1]    All further undesignated statutory references are to the Penal Code.

2

law.[2]  The trial court sentenced Bochicchio to the upper term of six years for the burglary doubled to 12 years due to the strike, five years under section 667, subdivision (a)(1), and one year under section 667.5, subdivision (b).  His total prison term was therefore 18 years.

II.    Bochicchio's postconviction requests for resentencing

After his conviction, Bochicchio, in persona propria, filed multiple requests to modify his sentence based on then-recent legislation invalidating one-year prior prison enhancements, except ones for specified sexual offenses.  The trial court denied those requests.

However, on June 15, 2023, the trial court called the case for resentencing in Bochicchio's absence, struck the one-year prior imposed under section 667.5, subdivision (b), but otherwise reimposed the original sentence.

Bochicchio then filed another series of requests for resentencing on February 22, April 25, and May 30, 2024.

A.    *The February 2024 petition*

On February 22, 2024, Bochicchio petitioned for recall of his sentence and resentencing under Assembly Bill No. 600 and section 1172.1.  In it, Bochicchio said he was permanently confined to a wheelchair, had never touched or hurt anyone during the burglaries, and was no longer a threat to anyone.  He submitted medical records to substantiate his medical condition.

---

[2]    The court dismissed the second count of first degree burglary.

3

B.   *The April 2024 petition*

On April 25, 2024, Bochicchio petitioned for a writ of habeas corpus in which he denied waiving his right to be at the June 15, 2023 resentencing hearing and asked for a full resentencing hearing under section 1172.75.  Bochicchio attached as an exhibit to his petition a legal status summary showing that he had two disciplinary penalties, both in 2024.

C.   *The May 2024 petition*

Now represented by counsel, Bochicchio filed a brief in support of resentencing under section 1172.75 in which he repeated that he had not waived his right to appear at the June 15, 2023 hearing.

D.   *The People's opposition to resentencing*

The People filed an opposition that did not object to the court striking the one-year prior but objected to any further adjustment to Bochicchio's sentence.[3]  First, the People argued that the pertinent statute, section 1172.75, subdivision (d)(4), allowed the trial court to reimpose the upper term.  Second, the People argued that the trial court should not strike Bochicchio's prior strike based on the nature of the current offense, that his prior strike was not remote in time, and his criminal history.  Third, the People argued that the five-year prior should not be stricken because Bochicchio had a "penchant" for entering occupied homes, even though he had never been physically violent.  Also, the People asserted that Bochicchio had faced 62

---

[3]   In the opposition, the People recited facts underlying the two burglaries, but did not cite a source for the facts.

4

years to life but was "given the gift of an 18 year prison sentence."

E.   *Bochicchio's reply*

In his reply, Bochicchio argued that his continued incarceration was not in the interest of justice.  He cited both sections 1172.75 and 1385 and argued that all enhancements should be dismissed based on his age, diminished physical condition, and rehabilitation.  Bochicchio also submitted various documents to support his resentencing request.

First, in a "Letter of Remorse and Apology," Bochicchio denied physically harming anyone and noted that his prison write-ups were "for disrespect" because he may have said some " 'not so nice things' " and "hurt someone by saying stuff like that, but that is as far as it will go."  Bochicchio referred to a battery of a nurse, explaining that he went "man down" for chest pain and he "brushed" his hand against the nurse's hand to protect his painful chest area.  Referring to a battery on a peace officer, Bochicchio said that four officers jumped on him with a plastic shield, but he explained that officers had a practice of jumping on disabled prisoners and calling contact with the plastic shield a battery.  Bochicchio also referred to physical and verbal abuse by his father.  If released early, he planned to take care of his frail mother and to be the son he was supposed to be.  He was permanently confined to a wheelchair due to severe polyneuropathy.

Second, Bochicchio addressed a letter to the trial court in which he referred to emotional scars caused by severe beatings and verbal abuse.  He said that his choice to use drugs was "in direct correlation to my behavior that has caused a great deal of em[ ]otional pain to the community."  Bochicchio said he

5

voluntarily had therapy and attended narcotics anonymous and programs about mental health and wellness and the effects of drug use on the mind, body, and others. Also, he took college courses with a view to getting a degree in social and behavioral science.

Third, Bochicchio submitted a letter from his mother stating that Bochicchio had childhood trauma but had never been physically violent. She said she could use his help, as she was 86 years old and in poor health.

Finally, Bochicchio submitted his relapse prevention plan for substance abuse should he obtain early release. He planned to live in a transitional program, to obtain necessary documents (for example, a driver's license), and, in one year, to transition to living on his own, and, in three years, to continue to use his learned coping skills.

F.       *The trial court's ruling*

On December 5, 2024, the trial court held a resentencing hearing. At the hearing, Bochicchio's counsel asked the court to find that "continued incarceration" was not in the interest of justice based on Bochicchio's age (61), that he was wheelchair bound, that he had no history of physical violence, and that he was not a danger or risk to society.

The trial court, however, observed that Bochicchio was incarcerated for a violent offense, i.e., first degree burglary with a person present, even though it appeared that Bochicchio ran from the scene and did not assault anyone. The trial court then said it had reviewed "papers" Bochicchio had filed over the years, and, based on them, it appeared he had two serious rules violations while in prison: one for battery on a nurse and a second for battery on a peace officer, and the second battery occurred while

6

Bochicchio was disabled. Based on documents Bochicchio had provided in prior filings, it further appeared to the trial court that he lost credits due to disciplinary actions on January 10 and February 22, 2024. The trial court thus said that "despite the defendant's purported disabilities, . . . he is putting hands on people. . . . . [¶] So I do not find at this point—obviously I have considered his disabilities. I've considered his health. He's still a young man at 61 right now. And the fact that he has rule violations for battery on a nurse and battery on a peace officer, I do not find—I cannot find that by clear and convincing evidence that he would not endanger public safety at this point."

The trial court struck the one-year prior but otherwise declined to adjust Bochicchio's sentence. Accordingly, the trial court reimposed the upper term of six years doubled to 12 years for the burglary and the five-year prior under section 667, subdivision (a).

## DISCUSSION

I.      General principles of law

Senate Bill No. 136 (2019–2020 Reg. Sess.) (Stats. 2019, ch. 590, § 1) amended section 667.5, subdivision (b) to allow courts to impose one-year prior prison term enhancements only for specified sexually violent offenses. Thereafter, Senate Bill No. 483 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 728, § 3) made the amendment retroactive to final cases and added what is now section 1172.75.

Section 1172.75 sets forth the process for recalling sentences and resentencing. If a judgment includes a qualifying enhancement, the trial court shall recall the sentence and resentence the defendant. (§ 1172.75, subd. (c).) Resentencing

7

shall result in a lesser sentence than the one originally imposed inclusive of the enhancements "unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (§ 1172.75, subd. (d)(1).) At resentencing, the "court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (§ 1172.75, subd. (d)(3).)

Further, subdivision (d)(4) of section 1172.75 provides, "Unless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."

At a hearing under section 1172.75, the resentencing court shall "apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).)

As relevant here, Senate Bill No. 81 (2021–2022) effected a change in law by adding subdivision (c) to section 1385. That subdivision provides, "Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice

8

to do so, except if dismissal of that enhancement is prohibited by any initiative statute." (§ 1385, subd. (c).) "In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others." (§ 1385, subd. (c)(2).)

Two mitigating circumstances are relevant here. The first relevant mitigating circumstance is when the current offense is connected to prior victimization or childhood trauma. (§ 1385, subd. (c)(2)(E).) A connection exists when the trauma or victimization substantially contributed to the defendant's involvement in the commission of the offense. (§ 1385, subd. (c)(6)(A).) The second relevant mitigating circumstance is when the enhancement is based on a prior conviction that is over five years old. (§ 1385, subd. (c)(2)(H).)

Under section 1385, subdivision (c), "absent a finding that dismissal would endanger public safety, a court retains the discretion to impose or dismiss enhancements provided that it assigns significant value to the enumerated mitigating circumstances when they are present." (*People v. Walker* (2024) 16 Cal.5th 1024, 1029, 1038.) "Stated simply, if the court does not conclude that dismissal would endanger public safety, then mitigating circumstances strongly favor dismissing the enhancement. But ultimately, the court must determine whether

9

dismissal is in furtherance of justice.  This means that, absent a danger to public safety, the presence of an enumerated mitigating circumstance will generally result in the dismissal of an enhancement unless the sentencing court finds substantial, credible evidence of countervailing factors that 'may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.' " (*Id.* at p. 1036; see also *id.* at p. 1038.)

We review a trial court's sentencing decision under section 1172.75 for abuse of discretion and " ' "ask whether the trial court's findings of fact are supported by substantial evidence, whether its rulings of law are correct, and whether its application of the law to the facts was neither arbitrary nor capricious." ' " (*People v. Garcia* (2024) 101 Cal.App.5th 848, 857.)  We similarly review a trial court's decision not to dismiss a sentencing enhancement for an abuse of discretion.  (*Nazir v. Superior Court* (2022) 79 Cal.App.5th 478, 490.)  A court "abuses its discretion when it makes an arbitrary or capricious decision by applying the wrong legal standard" "or bases its decision on express or implied factual findings that are not supported by substantial evidence. (*People v. Moine* (2021) 62 Cal.App.5th 440, 449.)

II.    The trial court abused its discretion

Bochicchio contends that the trial court abused its discretion because it applied the incorrect standard in determining whether to strike the five-year prior or to otherwise reduce his sentence.  We agree.

As an initial matter, we reject the Attorney General's argument that Bochicchio forfeited this contention because he failed to raise it below.  Bochicchio did not have to ask the trial court to apply the correct standard of law to preserve a claim on

10

appeal that the trial court applied an incorrect one.  Rather, a defendant is entitled to sentencing decisions based on the sentencing court's informed discretion, including one informed by the correct law.  (*People v. Salazar* (2023) 15 Cal.5th 416, 424.)  In any event, we may review any question of law involved in any ruling or order that affects the defendant's substantial rights, even if the defendant did not object below.  (§ 1259.)

Turning to the merits, the trial court stated it would not further reduce Bochicchio's sentence other than to strike the one-year prior because "I cannot find that by clear and convincing evidence that he would not endanger public safety at this point."  However, the clear and convincing standard is in section 1172.75, subdivision (d)(1), which requires a resentencing court to impose a lesser sentence (i.e., strike the one-year prior) "unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety."  The trial court here *did* impose a lesser sentence by striking the one-year prior.  Therefore, the trial court did not make or have to make a clear and convincing finding, and the standard in subdivision (d)(1) did not apply to any further consideration of whether to reduce Bochicchio's sentence.

The Attorney General concedes section 1172.75, subdivision (d)(1), did not apply and that the trial court should have proceeded under section 1385, subdivision (c), which concerns dismissing enhancements.  Notwithstanding the concession, the Attorney General argues that remand for the trial court to apply section 1385, subdivision (c), would be an idle act because the trial court here found that a further reduction of Bochicchio's sentence would endanger public safety as required by that section.  That is, section 1385, subdivision (c)(2), requires a trial

11

court to "consider and afford great weight" to evidence that the defendant has a mitigating circumstance and to dismiss an enhancement, "unless the court finds that dismissal of the enhancement would endanger public safety." (*Ibid*.) Bochicchio arguably had two mitigating circumstances. First, Bochicchio said his father had abused him, and Bochicchio connected his childhood trauma to drug abuse and his criminal choices. (§ 1385, subd. (c)(2)(E).) Second, Bochicchio's five year prior was for a burglary conviction dated 2002. Therefore, the enhancement was based on a prior conviction that was over five years old.[4] (§ 1385, subd. (c)(2)(H).)

However, by referencing the clear and convincing standard in section 1172.75, it is unclear if the trial court considered section 1385, subdivision (c). Section 1385, subdivision (c), contains no burden to prove by clear and convincing evidence, i.e., by a high probability, that Bochicchio was not a danger to society to obtain a further reduction of his sentence. (See generally *Conservatorship of O.B.* (2020) 9 Cal.5th 989, 998 [clear and convincing evidence standard requires party with burden of proof to convince trier of fact it is highly probable the facts the party asserts are true].) It is thus unclear whether the trial court imposed a burden on Bochicchio that did not exist; that is, the burden to prove by clear and convincing evidence that he did not pose a danger to public safety. We therefore do not agree that remand would be an idle act.

---

[4] It is undisputed that Bochicchio had a mitigating circumstance within the meaning of section 1385, subdivision (c)(2)(H), but it is disputed whether he had one under subdivision (c)(2)(E) of that section. Any dispute is for the trial court to resolve.

Because we accordingly conclude that remand is necessary for the trial court to reconsider Bochicchio's motion for resentencing, we need not address whether the trial court made any findings based on insufficient evidence or improperly reimposed the upper term.

## DISPOSITION

The order is reversed with the direction to the trial court to reconsider the petition for resentencing.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ASHWORTH, J.*

We concur:

ADAMS, Acting P. J.

HANASONO, J.

---

*     Retired Judge of the El Dorado Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.